IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIM. NO. 21-150 (SCC) |
| TONATIUH ANTONIO LEAL-MATOS, | |
| Defendant. | |

**OPINION AND ORDER**

The United States has charged Tonatiuh Antonio Leal-Matos with violating the Defense Production Act ("DPA"), 50 U.S.C. § 4512, by hoarding scarce materials—facemasks and disinfecting wipes—and selling them above market price. Docket No. 1. Leal-Matos has moved the Court to dismiss the information on the ground that the DPA, as applied to him, is unconstitutionally vague. Docket No. 41. We deny his motion.

**I.**

Leal-Matos is accused of willfully accumulating scarce materials "(1) in excess of the reasonable demands of business, personal, or home consumption, or (2) for the

purpose of resale at prices in excess of prevailing market prices." § 4512. The DPA is unconstitutionally vague, Leal-Matos contends, because the phrases "reasonable demands," "in excess of," and "prevailing market prices" do not give a person of ordinary intelligence fair notice of what conduct the DPA prohibits. Docket No. 41, pg. 4.

The Due Process Clause requires statutes to define offenses with "sufficient definiteness to 'give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" *United States v. Hussein*, 351 F.3d 9, 13 (1st Cir. 2003) (quoting *United States v. Harriss*, 347 U.S. 612, 617 (1954)). A statute, therefore, is unconstitutionally vague where it "fails to give ordinary people fair notice of the conduct it punishes" or "invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). But it is not vague where it "requires a person to conform his conduct to an imprecise but comprehensible normative standard"—it is vague where "no standard of conduct is specified at all." *Coates v. Cincinnati*, 402 U.S. 611, 614 (1982).

We judge vagueness "on an as-applied basis." *Hussein*, 351 F.3d at 14 (stating "[v]agueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case" (quoting *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988))). To begin, we note that Leal-Matos faces an "uphill climb," *id.*, because the DPA contains a scienter requirement: He is subject to criminal liability only if he "willfully" committed the acts prohibited by § 4512. § 4513. Scienter requirements, like this one, lessen fair notice concerns and diminish the likelihood of unfair enforcement. *Hussein*, 351 F.3d at 14.

Leal-Matos argues first that the DPA is vague because it does not define "reasonable demands" nor what is in "excess" of it. Docket No. 41, pg. 4. Recall that the DPA subjects to criminal liability anyone who willfully accumulates scarce materials "in excess of the reasonable demands of business, personal, or home consumption." § 4512. First, the phrase "in excess of" is not standardless. To the contrary, it provides an easily ascertained, comparative standard: more than

reasonable demands. *See Excess*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/excess (last visited Feb. 14, 2022) (defining "in excess of" as "to an amount or degree beyond: over"); *In Excess Of*, COLLIN'S DICTIONARY, https://www.collinsdictionary.com/us/dictionary/english/in-excess-of (last visited Feb. 14, 2022) (defining it as "more than a particular amount"); *In Excess of Something*, MACMILLAN DICTIONARY, https://www.macmillandictionary.com/us/dictionary/american/in-excess-of-something (last visited Feb. 14, 2022) (same). Second, though imprecise, "reasonable" is a familiar—indeed, ubiquitous—legal standard. *See United States v. Hunter*, 663 F.3d 1136, 1142 (10th Cir. 2011) ("[I]dentical or very similar 'reasonable and prudent' standard statutes are ubiquitous throughout the United States and have been uniformly upheld against constitutional challenges."); *cf. United States v. Phillipos*, 849 F.3d 464, 477 (1st Cir. 2017) (holding that "materiality" is not vague merely because it "is not mathematically precise" and noting that it is a familiar standard in the law). Its imprecision "simply

build[s] in needed flexibility while incorporating a comprehensible, normative standard easily understood by the ordinary [person]." *Hunter*, 663 F.3d at 1142; *see also Roth v. United States*, 354 U.S. 476, 491 (1957) (explaining that due process requires only "boundaries sufficiently distinct for judges and juries fairly to administer the law").

Leal-Matos, however, contends that the DPA is like the statute at issue in *United States v. L. Cogen Grocery Co.*, 255 U.S. 81 (1921), where the Court held that the following language is unconstitutionally vague: "to make any unjust or unreasonable rate or charge in handling or dealing in or with any necessaries," *id.* at 89. But the DPA is distinguishable. The problem with the statute in *L. Cohen Grocery* was that it "forb[ade] no specific or definite act." *Id.* That is, it "penalized and punished all acts detrimental to the public interest when unjust and unreasonable in the estimation of the court and jury." *Id.* So it offended due process because no person could "foreshadow or adequately guard against" the statute's reach. *Id.* Here, in contrast, the DPA's "reasonable" standard is a

normative, objective one that does not have a potentially endless reach. *Cf. United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 31, 34 (1963) (rejecting a vagueness challenge to a statute that criminalized selling goods at "unreasonably low prices").

We turn to his last argument. Leal-Matos says that the DPA is unconstitutionally vague because it does not define "prevailing market prices" such that an ordinarily intelligent person can understand its meaning. Docket No. 41, pg. 4. The First Circuit, however, has held that a price term that "specif[ies] market price or the currently available price" is not too vague to form an enforceable contract. *Bacou Dalloz USA, Inc. v. Cont'l Polymers, Inc.*, 344 F.3d 22, 28 (1st Cir. 2003). And this holding, though from a civil case, applies with full force to a criminal case. *See A.B. Small Co. v. Am. Sugar Refining Co.*, 267 U.S. 233, 239 (1925) (explaining that both civil and criminal vagueness inquiries hinge on whether the language at issue requires "the exaction of obedience to a rule or standard which [i]s so vague and indefinite as really to be no

rule or standard at all"). Moreover, "prevailing market prices" is a familiar phrase that provides a sufficiently definite, ascertainable standard. *See United States v. Topouzian*, 2021 WL 5882204, at *5–6 (N.D. Ill. Dec. 13, 2021) (collecting cases).

In any event, Leal-Matos's vagueness challenge fails because the conduct that he has been accused of falls within the core of conduct that the DPA prohibits. *See Hoffman Ests. v. Flipside, Hoffman Ests.*, 455 U.S. 489, 495 (1982) ("A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."). The United States has accused him of hoarding over 5,000 facemasks and 48 containers of disinfecting wipes, which he allegedly sold online for at least four to five times the prevailing market price. *See* Docket No. 1, pgs. 4–5; Docket No. 46, pg. 12. So, if true, his conduct appears to fall within the core of conduct that the DPA prohibits and, thus, his vagueness challenge fails. *See United States v. Cook*, 970 F.3d 866, 873 (7th Cir. 2020) ("[A] litigant

challenging the statute ordinarily must show that it is vague as applied to him; and if the statute undoubtedly applies to his conduct, he will not be heard to argue that the statute is vague as to one or more hypothetical scenarios.").

## II.

In sum, the Court **DENIES** Leal-Matos's motion to dismiss the information (Docket No. 41) on the ground that the DPA is vague as applied to him because the DPA contains a scienter requirement and ascertainable, though flexible, standards. Moreover, the conduct that he is accused of falls within the core of conduct that the DPA prohibits.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of February 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE