IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TONATIUH ANTONIO LEAL-MATOS, <br><br> Defendant. | CRIM. NO. 21-150 (SCC) |

**OPINION AND ORDER**

The United States has charged Tonatiuh Antonio Leal-Matos with violating the Defense Production Act ("DPA"), 50 U.S.C. §§ 4512, 4513, by hoarding facemasks and disinfecting wipes and selling them above market price. Docket No. 1. Leal-Matos has moved the Court for a bill of particulars. Docket No. 48. We deny his motion.

The DPA subjects to criminal liability any person who willfully accumulates scarce materials "(1) in excess of the reasonable demands of business, personal, or home consumption, or (2) for the purpose of resale at prices in excess of prevailing market prices." §§ 4512, 4513. Leal-Matos

argues that he will be unable to adequately prepare his defense unless he receives a bill of particulars containing: (1) the number of "face masks [that] constitute[s] an accumulation in excess of reasonable demands of business," (2) "how the [United States] determines that number," (3) the number of "containers of disinfecting wipes [that] constitute[s] an accumulation in excess of reasonable demands of business," (4) the number of "containers of disinfecting wipes [Leal-Matos] actually accumulated," (5) "the prevailing market prices of face masks . . . and how the [United States] determines th[em]," and (6) "the prevailing market prices of containers of disinfecting wipes and how the [United States] determines th[em]." Docket No. 48, pgs. 3–4.

A bill of particulars need be granted only if, in its absence, the accused will "be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *United States v. Sepulveda*, 15 F.3d 1161, 1192–93 (1st Cir. 1993). The information that Leal-Matos requests, however, goes beyond

these narrow purposes: A bill of particulars cannot be used "to obtain a detailed disclosure of the government's evidence prior to trial," *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017), nor as a tool for discovery, *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993).

The information puts Leal-Matos on notice of the charges against him to allow him to adequately prepare his defense, protect him from unfair surprise at trial, and seek the protection of the Double Jeopardy Clause. Not only does the United States set forth the elements of the offenses that it accuses him of committing, *see* Docket No. 1, pgs. 5–6, but it also provides ample factual detail. It, for example, specifies the online platform where he allegedly sold the scarce materials, the number of facemasks that he accumulated, the price at which he sold them, the price at which a leading manufacturer sells them, that there were multiple transactions, the price at which he purchased containers of disinfecting wipes, the price at which he sold them, and that there were multiple transactions. Docket No. 1, pgs. 4–5. The

UNITED STATES OF AMERICA V. LEAL-MATOS                                                Page 4

additional information that Leal-Matos requests (*i.e.*, the specific number of each scarce material that constitutes an accumulation, their market price, and how the United States calculates these figures) is, at bottom, a request for the United States' legal theory prior to trial. But that is not the purpose of a bill of particulars. *See United States v. Paiva*, 892 F.2d 148, 153–55 (1st Cir. 1989) (holding district court did not abuse its discretion in denying bill of particulars where defendant sought precise dates he participated in conspiracy, names of persons he conspired with, and times and places of acts because indictment referring to multiple transactions and specifying "early 1983" was "sufficiently narrow to allow [him] to prepare his defense").

The Court **DENIES** Leal-Matos's motion for a bill of particulars (Docket No. 48).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 24th day of February 2022.

    S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE